ABOU S. BAILLIS et al., Doing Business as BAILLIS BROS., Respondents, *v.* GEORGE FUCHS, as President of Local Union No. 23 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, et al., Appellants.

Argued April 24, 1940; decided May 28, 1940.

*William Karlin* and *Leo Greenfield* for appellants. The Appellate Division erred in affirming the broad judgment of injunction granted by the trial court. (*Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260; *Interborough Rapid Transit Co.* v. *Lavin,* 247 N. Y. 65; *Stillwell Theatre, Inc.,* v. *Kaplan,* 259 N. Y. 405; *J. H. & S. Theatres* v. *Fay,* 260 N. Y. 315; *Goldfinger* v. *Feintuch,* 276 N. Y. 281; *Iron Molders' Union* v. *Allis-Chalmers Co.,* 166 Fed. Rep. 45; *Opera on Tour, Inc.,* v. *Weber,* 17 N. Y. Supp. [2d] 144; *Senn* v. *Tile Layers' Protective Union,* 301 U. S. 468; *Luft* v. *Flove,* 270 N. Y. 640.) The Special Term erred in ruling that plaintiffs could maintain this action in equity for a permanent injunction regardless of the provisions of section 876-a of the Civil Practice Act. Had the Special Term followed the statute it would have been required to dismiss the complaint. (*Goldfinger* v. *Feintuch,* 276 N. Y. 281; *Mays Furs & Ready-to-Wear, Inc.,* v. *Bauer,* 282 N. Y. 331; *Boro Park Sanitary Live Poultry Market, Inc.,* v. *Heller,* 280 N. Y. 481.) The Special Term erred in ruling that the asserted violence caused a complete forfeiture of the right to picket. (*May's Furs & Ready-to-Wear, Inc.,* v. *Bauer,* 282 N. Y. 331; *Wise Shoe Co.* v. *Lowenthal,* 266 N. Y. 264; *Steinkritz Amusement Corp.* v. *Kaplan,* 257 N. Y. 294;

*Willson & Adams Co.* v. *Pearce,* 240 App. Div. 718; 264 N. Y. 521; *New York Lumber Trade Assn.* v. *Lacey,* 269 N. Y. 595.)

*Milton D. Jacobs* for respondents. Section 876-a of the Civil Practice Act has no application. (*Thompson* v. *Boekhout,* 273 N. Y. 390; *Yablonowitz* v. *Korn,* 205 App. Div. 440; *Luft* v. *Flove,* 270 N. Y. 640; *Paul* v. *Mencher,* 169 Misc. Rep. 657; 254 App. Div. 851; *Boro Park Sanitary Live Poultry Market, Inc.,* v. *Heller,* 280 N. Y. 481; *Wishny* v. *Jones,* 169 Misc. Rep. 459; *Gips* v. *Osman,* 170 Misc. Rep. 53; *Miller* v. *Fishworkers Union,* 170 Misc. Rep. 713.) An action in equity for a permanent injunction may be maintained without compliance with section 876-a of the Civil Practice Act. (*Busch Jewelry Co.* v. *United Retail Employees Union,* 281 N. Y. 150; *Micamold Radio Corp.* v. *Beedie,* 156 Misc. Rep. 390.) The evidence is clear and convincing that the defendants deliberately inspired the use of illegal, violent, coercive and disorderly acts and approved of them. The trial justice was correct in finding that such conduct would continue and was justified in enjoining all picketing. (*Smith* v. *Smith,* 273 N. Y. 380; *Stuhmer & Co.* v. *Korman,* 241 App. Div. 702; 265 N. Y. 481.)

SEARS, J. Plaintiffs are copartners engaged in the business of distributing beer and soft drinks, some of which they also bottle, in the city of New York and neighboring territory. Prior to March 1, 1939, they had in their employ thirteen drivers who had designated the defendant union, Local No. 23, as their bargaining agent. On that date a strike was called by the union, after the plaintiffs had refused to enter into a collective labor agreement to increase the drivers' wages from the variable rate of seventeen dollars to thirty-two dollars per week for an indefinite number of working hours to the union scale of forty-five dollars a week for forty working hours. All thirteen employees of the plaintiffs responded to the call to strike and are still on strike. Since then the plaintiffs, four brothers, have hired no other employees but have themselves carried on the business without other employees. This practice was concededly

adopted to avoid a "labor dispute." The plaintiffs claim
that they do not intend to hire any new employees, and
there is proof that they would have been willing to continue to
employ their former drivers at the old wage scale.

To accomplish the purpose of the strike, that is, to force
the plaintiffs to negotiate an agreement for higher wages
and regular hours, the defendant union, under the direction
of the defendant Sickles, has caused the place of business
of the plaintiffs to be picketed and also the places of business
of plaintiffs' customers. The picketing has run the gamut
from peaceful persuasion to assault of a criminal character.
The union rented the premises adjoining the plaintiffs'
place of business and from there directed the activities of
the strikers and picketing force. These activities have
included the display of placards in front of the plaintiffs'
premises and in front of stores where merchandise distributed
by the plaintiffs was dealt in, pursuit of plaintiffs' trucks
by unionists in motor cars, interference with the driving
and parking of plaintiffs' trucks, threatening, intimidating
and villifying plaintiffs, their families and their customers.
Since the strike started two pickets have been convicted of
disorderly conduct and a third of assault in the third degree.
These illegal acts continued until the time of the trial,
three months after the strike was called. As a consequence
the plaintiffs' business has been practically ruined. The
trial justice concluded that the appellants "no longer serve
the interest of organized labor; they continue but to harass
and destroy." A strong case was thus made out for equitable
relief if the necessary prerequisites to such relief were
established. We are thus brought to the question whether
there was here a "labor dispute" as defined in the Civil
Practice Act, section 876-a, subdivision 10, and whether
section 876-a was, therefore, applicable to this action.

The question of what constitutes a "labor dispute,"
even under the statutory definition, admits of no generally
applicable and definitive answer. Of necessity the answer
must depend upon the circumstances in the individual case.
The Legislature has said: "The term 'labor dispute'
includes any controversy concerning terms or conditions of

employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing or seeking to arrange terms or conditions of employment, or concerning employment relations, or any other controversy arising out of the respective interests of employer and employee, regardless of whether or not the disputants stand in the relation of employer and employee." (L. 1935, ch. 477; Civ. Prac. Act, § 876-a, subd. 10 [c].) Thus, it is clear that the first essential for a "labor dispute" is employment. In *Thompson* v. *Boekhout* (273 N. Y. 390), where the proprietor of a small picture theater employing only one man discharged his single employee before a strike was called, there was no employment existing at the time of the strike, hence no "labor dispute." A somewhat similar situation was presented in *Luft* v. *Flove* (270 N. Y. 640). On the other hand, in *May's Furs & Ready-to-Wear, Inc.*, v. *Bauer* (282 N. Y. 331), where a strike was called by a union against a business house which employed no members of the union, the purpose of the strike being to unionize the employees of the house, there was "employment" in the general trade at the time the strike was called, and a "labor dispute" existed.

In the present case the drivers were in the plaintiffs' employ when the strike was called, and the strike related to the terms of employment. There can be no question, therefore, of the existence of a "labor dispute" and the application of section 876-a of the Civil Practice Act.

The section cited requires certain matters to be alleged and proved before there can be granted either a temporary or a permanent injunction. Here the complaint was amended to conform to the proof and the statutory requirement for pleading was met as to everything contained in the proof. In this case, as in the *May's Furs* case (*supra*), the situation was such that further negotiations may well have been impossible. Each side stood unwaveringly on its demands and under the peculiar circumstances disclosed by the record, a basis for negotiation appears to have been wholly wanting.

There remains a basic difficulty against affirming the provision for an injunction against all picketing. The statute (Civ. Prac. Act, § 876-a) is explicit in its provisions in support of the right of picketing. This guaranty of the employees' right cannot, however, be made a shield for violence, disorder and crime. The power of the courts to enjoin violence in a " labor dispute " is beyond question, and, when necessary, this power may even authorize a prohibition of all picketing. Such was the case in *Busch Jewelry Co.* v. *United Retail Employees' Union* (281 N. Y. 150). The obstacle which prevents our applying that authority to the present appeal is that here we have no finding by the trial court that peaceful picketing is impossible. In the absence of such a finding or one establishing the necessity of injunctive relief against all picketing as the only practical method of assuring the continuance of order, we are under the command of the statute so to formulate relief as to permit to the unionists their unquestioned rights to picket peacefully. Although six months have now passed since the granting of the judgment containing the injunction and it has now spent its force (Civ. Prac. Act, § 876-a, subd. 8) we have determined to modify the judgment, as was done in the *May's Furs* case (*supra*) inasmuch as an application for an extension of the injunction may be sought under the provisions of subdivision 8 of section 876-a of the Civil Practice Act. We do not pass upon the question whether such an application is permissible after the expiration of the original injunction by limitation of time as that question is not now before us.

The judgment should be modified so as to strike out all provisions, except those restraining violence and breach of the peace and by adding a provision limiting the duration of the injunction in accordance with subdivision 8 of section 876-a of the Civil Practice Act, all in accordance with this opinion, and, as so modified, affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.