Oscar Lifshitz and Others, Copartners Doing Business under Trade Name of Lifshitz 5c to $1.00 Dept. Store, Respondents, *v.* Roger Straughn, as President of Amalgamated Labor Association, Brooklyn Local No. 1, Affiliated with the Harlem Labor Union, Appellant, Impleaded with Harlem Labor Union, Inc., Defendant.

Second Department, May 5, 1941.

*Leo Wasser [Joseph Pinckney* with him on the brief , for the appellant.

*Milton H. Lehrer,* for the respondents.

Close, J. The plaintiffs own and operate a department store located on Fulton street in the borough of Brooklyn. The appellant is the president of Amalgamated Labor Association, Brooklyn Local No. 1, an unincorporated association of seven or more members. It appears without dispute that since June, 1940, the association has been attempting to compel the plaintiffs to enter into an agreement with it, especially with respect to their negro employees, so that the plaintiffs would employ only members of the association. The plaintiffs refused to enter into any agreement and it is charged in the complaint that the association and another defendant, Harlem Labor Union, Inc., conspired to intimidate and coerce the plaintiffs to sign the agreement and to employ only negroes who are members of the association. Pursuant to this conspiracy it is alleged that the association has picketed the plaintiffs' place of business, display-

ing signs with false slogans to the effect that the plaintiffs are unfair to organized labor. The association's pickets are charged with many disorderly acts.

Upon the complaint and affidavits supporting and amplifying the allegations contained therein, the plaintiffs sought an injunction *pendente lite.* The appellant claims that the controversy involves a labor dispute and, as the plaintiffs have concededly failed to comply with section 876-a of the Civil Practice Act, no injunction could issue. From an adverse decision he appeals. We have come to the conclusion that a labor dispute is involved. (*Baillis* v. *Fuchs*, 283 N. Y. 133.) This appellant has organized employees of a number of other retail businesses in Brooklyn, among which are several engaged in the same business as that of the plaintiffs. It is alleged by the appellant that the purpose of picketing the plaintiffs' place of business is to secure a contract that will provide for an improvement of working conditions. That the plaintiffs' employees are satisfied with their lot, and that none of them wishes to become a member of the appellant's organization is of no avail to the plaintiffs. (*Strauss* v. *Steiner*, 259 App. Div. 725; *May's Furs & Ready-to-Wear, Inc.*, v. *Bauer*, 282 N. Y. 331.) The learned Special Term relied apparently upon other cases involving this association. This motion must be decided on the record before us. The cases cited by the lower court are neither *res judicata* nor *stare decisis.*

The respondents urge that the apparent purpose of the appellant is to organize workers along racial lines and thus foment discord, intolerance and racial hatred. Assuming that the appellant seeks to represent only negro employees, which he denies, and agreeing that labor organized along racial lines might not be for the general good, none the less a labor dispute exists within the law as now written. (*New Negro Alliance* v. *Grocery Co.*, 303 U. S. 552.)

The order should be reversed on the law, without costs, and the motion denied, without costs.

LAZANSKY, P. J., HAGARTY and TAYLOR, JJ., concur; ADEL, J., dissents and votes to affirm the order, with opinion.

ADEL, J. (dissenting). Plaintiffs' employees are salesladies with special training for plaintiffs' particular business and none is a member of appellant's association, which is composed mainly of negroes engaged in many varied industries, trades, crafts and occupations. The employees have no dispute with plaintiffs and are completely satisfied with their wages, hours of employment and working conditions.

A labor dispute within the purview of subdivision 10 of section 876-a of the Civil Practice Act is not involved. Indeed, whether

the Amalgamated Labor Association is a labor union or a labor organization of any kind is a seriously disputed question. It is not a member of any single trade or class of trades and its demands are not connected with any specific industry. (*Hillary Theatre Corp.* v. *Straughn*, N. Y. L. J. Dec. 7, 1940, p. 1927 [MAY, J.]; *Stolper* v. *Straughn*, Id. Sept. 6, 1940, p. 542 [McGAREY, J.]; 175 Misc. 87 [LEWIS, J.].

This court said in *Jewish Hospital of Brooklyn* v. *" John Doe "* (252 App. Div. 581, 583), Mr. Justice JOHNSTON writing: " While those involved in a labor dispute, as defined by the statute, need not stand in the relation of employer and employee, they must be engaged in the same ' industry, trade, craft or occupation.' These words connote and emphasize one common thought, to wit: that the parties to the controversy shall be engaged in the same business enterprise or commercial pursuit, one motivated by the desire for profit, the other by the desire to earn a livelihood." Here the appellant's association is not thus engaged. For all these reasons I think that the order from which the appeal is taken should be affirmed.

Order reversed on the law, without costs, and motion denied, without costs.