The plaintiffs, each claiming to be an independent peddler of soft drink beverages, owning his own truck and conducting a “ one-man business", having no employees, brought this action against the defendant union through its president and treasurer. Other defendants' are a beverage manufacturing association and two of the corporate members of that association. The judgment demanded in the complaint includes a permanent injunction and damages. The plaintiffs moved for a temporary injunction and the defendant union cross-moved for the dismissal of the complaint upon the ground that the court does not have jurisdiction of the action and that the complaint does not state facts sufficient to constitute a cause of action. The Special Term granted the motion for the temporary injunction and denied the cross motion to dismiss. From the orders entered upon the said motions the defendant union appeals. The defendant manufacturers and their association have not appealed. Order granting temporary injunction reversed on the law, with $10 costs and disbursements, and motion for a temporary injunction denied, with $10 costs. Order denying cross motion of certain defendants to dismiss the complaint affirmed, without costs, with leave to said defendants to answer within ten days from the entry of the order hereon. While the terms of the temporary injunction are somewhat indefinite so far as the defendant union is concerned, the motion papers establish only that the union, and its members who are employees of the defendant manufacturers of soft drink beverages, have notified the manufacturers and the plaintiffs that the union and its members will refuse to load the trucks of the plaintiffs who have been doing business with such manufacturers unless such peddlers become members of the union, and that they will also refuse to work for the manufacturers if the manufacturers persist in selling to nonunion peddlers. The defendant union and its members have no contractual relations with the plaintiffs, but are engaged in an effort to unionize the peddlers, etc. The defendant manufacturers have taken the position that in view of the attitude of the union and its members, which have a collective bargaining agreement with the defendant association' and its members, that the manufacturers will not sell to the peddlers unless they become members of the union, etc. Upon this showing the plaintiffs obtained the temporary injunction, the effect of which, applied to the situation disclosed by the record, is to : require the members of the union to continue loading the trucks of the plain- ' tiffs, although they have refused to join the union, and to continue the union membership employment with the manufacturers while those manufacturers by the injunction are restrained from refusing to deal with or sell soft drink beverages to the plaintiffs because of the fact that the plaintiffs are not members of the union. There is no basis for any such injunction. While the decisions in this State sustain the contention of the plaintiffs that since each conducts a “ one-man business ” without employees, a “ labor dispute ” does not exist within the meaning of section 876-a of the Civil Practice Act (Angelos v. Mesevich, 289 N. Y. 498; Baillis v. Fuchs, 283 N. Y. 133; Thompson v. Boekhout, 278 N. Y. 390; Wohl v. Bakery é Pastry Drivers Union, 284 N. Y. 788; Lyons v. Meyerson, 18 N. Y. S. 2d 363, affd. 260 App. Div. 863; Grips v. Osman, 170 *802 Mise. 53, affid. 258 App. Div. 789; Kershnar v. Heller, 259 App. Div. 850, leave to appeal denied 283 N. Y. 775), it does not necessarily follow that the plaintiffs are entitled to any injunction. Both the Angelos and Wohl cases {supra) were reversed by the United States Supreme Court {Cafeteria Union v. Angelos, 320 U. S. 293; Bakery Drivers Local v. Wohl, 315 U. S. 769). After the reversal of the Angelos case the Court of Appeals ordered a reargument as to what further proceedings should be taken, and upon that reargument the judgment in favor of the plaintiffs was reversed, and the complaint dismissed. {Angelos v. Mesevich, 292 N. Y. 591, 681.) The rule is stated in the majority opinion of the Court of Appeals in Opera on Tour, Inc., v. Weber (285 N. Y. 348, 353) that “ Individually and collectively, the members of any union may at any time refuse to work, because machinery is employed or for any other reason, and may strike in so doing.” Here, there has been no strike, no picketing of the business of the respective plaintiffs, or of the plaintiffs’ customers, or otherwise, and no violence or threat of violence of any kind. The peddlers are proper subjects for unionization. {People v. Gassman, 295 N. Y. 254; Bernstein v. Madison Baking Co., 186 Mise. 474, affd. 266 App. Div. 839, leave to appeal_ denied, 291 N. Y. 827; Drivers’ Union v. Lake Valley Co., 311 U. S. 91.) The members of the union cannot be compelled by injunction to load the trucks of nonunion peddlers, or to continue employment with an employer who persists in dealing with such nonunion peddlers. {Hunt v. Crumboeh, 325 U. S. 821.) The motion to dismiss the complaint presents a different situation. While the affidavits on the application for the temporary injunction do not establish any concerted action between the union and the manufacturers which amounts to a conspiracy to destroy the business of the respective plaintiffs, the complaint is broad and alleges a conspiracy and matters, which, if established upon a trial, might justify some relief. (See American Guild of Musical Artists v. Petrillo, 286 N. Y. 226; Allen Bradley Co. V. Union, • 325 U. S. 797.) Lewis, P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur. [187 Misc. 782.] [See post, p. 876.]