MANHATTAN NEWS CO., INC., Plaintiff, *v.* NEW YORK NEWSBOYS UNION LOCAL NO. 471, A. F. of L, INTERNATIONAL PRINTING PRESSMEN AND ASSISTANTS UNION OF NORTH AMERICA, et al., Defendants.

Supreme Court, Special Term, New York County, January 5, 1949.

*Noonan, Kaufman & Eagan* for plaintiff.

*Dublirer & Haydon* for defendants.

EDER, J. Motion for injunction is granted.

The court is of opinion that section 876-a of the Civil Practice Act is inapplicable for the reason that there is no labor dispute involved.

In arriving at this ultimate conclusion and determination, the court has given consideration to some basic rules which the courts have applied.

What constitutes a labor dispute is governed by the circumstances in each particular case (*Baillis* v. *Fuchs,* 283 N. Y. 133, 136). To constitute a labor dispute there must be an honest, bona fide labor issue involved (*Lake Valley Farms Products, Inc.,* v. *Milk Wagon Drivers' Union,* 108 F. 2d 436, 442). A labor dispute must be genuine (*Coward Shoe, Inc.,* v. *Retail Shoe Salesmen's Union,* 177 Misc. 708, 711). The dispute must have some relation to employment or some legitimate connection with terms or conditions of employment or concerning the interest of an employer or employee, even though the parties concerned do not themselves stand in an employer-employee relationship (*Opera on Tour, Inc.,* v. *Weber,* 285 N. Y. 348, 358-359).

The plaintiff is a distributor, in Manhattan, of magazines and periodicals of various publishing concerns. It is alleged in the moving papers that it sells the magazines and periodicals it distributes to newsstands and stationery stores and invoices them every week. It is alleged, also, by plaintiff, that these newsstand operators are independent contractors, are free agents to run their business as they please and are not on any-

one's payroll; that they are not employed by plaintiff or by any publisher or other distributor and receive no compensation from the plaintiff or publisher or other distributor, in any form; that they are not furnished with any equipment.

Plaintiff alleges that in September, 1948, it imposed upon all of its customers a small service charge which, it alleges, has been a general practice in the trade for many years and has been paid to all other magazine distributors by local newsstand dealers and stationery store proprietors. It is also averred by plaintiff that in making the service charge plaintiff was merely adopting the practice long established by its competitors.

The opposing papers state that this service charge was objected to by some of the newsstand operators who are members of the defendant union and that its secretary discussed the matter with the plaintiff with a view to having the service charge eliminated, but without success; that thereupon a meeting of the union was called, which was attended by a large number of its members and at which meeting a resolution was adopted whereby the union and its members should take action to resist the service charge.

It is further alleged in the opposing affidavit that thereupon picketing was resorted to in order to compel newsstand operators to discontinue their dealings with the plaintiff, and signs and placards were employed and circulars distributed to communicate to the general public that a dispute existed between the plaintiff and the union and its members, and to persuade the public not to patronize the publications sold and distributed by the plaintiff. The opposing affidavit also denies that mass picketing or violence has been resorted to.

On the other hand, the moving papers allege mass picketing has been resorted to, as well as duress and coercion, and that the defendants are distributing to the public false and misleading circulars which contain statements giving the false impression that the plaintiff is unfair to organized labor, and creating the false impression, also, that there is a labor dispute between the plaintiff and its employees.

There appears to be no specific denial by the defendants that the service charge is one of general practice and has been so for many years and that this service charge is paid to other distributors by local newsstand operators, and it is significant that the defendants have not taken similar action against the other distributors and competitors of the plaintiff. Whatever implication that may carry, it is a factor that is not to be glossed over.

It is also significant that the defendants have not submitted in opposition to the motion any affidavit by any of its members who are newsstand operators to deny plaintiff's allegations that these operators are independent contractors, that they are not employees of plaintiff or of any publisher or distributor, are not on anyone's payroll, that they receive no compensation whatever, that they are free agents and that the service charge imposed by the plaintiff is a long-established practice and that they have been and are paying the same without protest to other distributors and competitors of the plaintiff.

The affidavit of the union secretary as to alleged protests and objections is merely hearsay, without evidentiary value, and is unsupported by any corroborating affidavit of any newsstand operator or by any of its member operators.

A sharp conflict of fact becomes secondary if it appears that there is no labor dispute involved. To this end, taking the assertions of the defendants as true, it appears as a matter of law that there is no labor dispute involved, for there is no claim by the defendants that this service charge has any relation to employment or some legitimate connection with terms or conditions of employment, or concerning the interest of an employer or employee.

But what is asserted by the defendants is that such a so-called employer-employee relationship exists by virtue of the ruling of the Supreme Court in *National Labor Relations Board* v. *Hearst Publications, Inc.* (322 U. S. 111) and it is upon this case that the defendants strongly rely and place their main hope in asserting that a labor dispute is involved.

There is no comparable factual situation between the *Hearst* case (*supra*) and the case at bar, which renders that case clearly inapplicable, in my opinion.

In the *Hearst* case the newsboys received from some publishers a salary for acting as checkmen; they were not free to purchase or order any number of issues but were obliged to purchase whatever number of issues was allotted to them; the publishers dictated their hours of work; they distributed localities which the newsboys were compelled to accept; they were furnished by the publishers with equipment. They were not free agents who could act as they pleased, but were at all times subject to complete domination and control by the publishers. The Supreme Court concluded that the mentioned practice and features partook of an employer-employee relationship,— constituted a " pattern of employment." That factual situation does not exist here.

In the instant case it is alleged by plaintiff, and not denied by any newsstand operator, including those who are members of the defendant union, that they are independent contractors; they do not claim to be employed by plaintiff or by any publisher or distributor; they do not claim to be on anybody's payroll; they do not claim to receive any compensation in any form from plaintiff or any publisher or distributor; they do not deny that they are free agents to do business with the plaintiff or to discontinue doing business with the plaintiff, at their will, and to purchase from the plaintiff magazines and periodicals to the extent they please. They do not claim that their hours of labor are not their own and they do not assert or claim that they may not choose their own locations. Likewise, they do not claim that their equipment is not their own.

These are factors which, in my opinion, clearly distinguish the *Hearst* case from the case at bar and render that citation inapplicable here.

It seems clear from what has been here shown that the dispute has no relation to employment or any legitimate connection with terms and conditions of employment or concerning the interests of an employer and employee, even though the parties do not themselves stand in an employer-employee relationship.

The court is of the opinion and finds from the record presented that there is no labor dispute involved; that what is asserted is not a bona fide, genuine labor dispute, and that the dispute herein does not come within the contemplation of section 876-a of the Civil Practice Act.

The motion is granted. Bond $5,000. Settle order.