Aron Steuer, J.
This is a motion for a temporary injunction against picketing brought by a circus against two labor unions. *181 The first questions relate to jurisdiction. It is not disputed that original jurisdiction to determine an issue involving an alleged unfair labor practice where the employer is engaged in interstate commerce lies exclusively with the National Labor Relations Board (Labor Bd. v. Fainblatt, 306 U. S. 601). This employer is engaged in interstate commerce and that would ordinarily be determinative of this application. However, the National Labor Relations Board has declined to accept jurisdiction in matters involving enterprises of the nature conducted by the plaintiff.
The first question is whether that voluntary restriction of jurisdiction by the board permits an application for relief to a State court. To date there has been no authoritative decision on this express point. In two cases where the point was not presented the United States Supreme Court has inferentially suggested an exception to the general rule. Thus in Garner v. Teamsters Union (346 U. S. 485), in denying the right of a Pennsylvania State court to assume jurisdiction the opinion of Mr. Justice Jackson (p. 488) lists the instances in which an argument might be made that despite the statute the State court might exercise jurisdiction. Among those is “ that the federal Board would decline to exercise its powers once its jurisdiction was invoked And in a memorandum opinion shortly thereafter (Building Trades Council v. Kinard Constr. Co., 346 U. S. 933) that question is, in specific words, declared to be left open.
But here it can not be left to future determination and the court is compelled by circumstance to start the stream of decision. Several factors lead to the conclusion that the proper determination is to take jurisdiction. Among these factors is the recognition, above pointed out, that this might prove a, possible exception to the Federal statutory pattern; the recognition in several opinions of the expressed dissatisfaction with the necessarily slow-moving procedures when applied to situations in which delay defeats the judicial process. The above is not to suggest a substitute for the act of Congress but rather that where the Federal board announces that it will refuse jurisdiction in certain types of cases, it states, by implication at least, that the resolution of those matters can not be effectually had by its processes. Tf then the State courts do not take jurisdiction an area of employer-employee relationships reverts to unsupervised jungle where decisions go to the strong and ruthless. These considerations prompt the view that the application should be entertained.
*182 The issues on the merits are not the same as regards the two defendant unions, although the claim of the plaintiff in regard to them is identical. The plaintiff claims it was approached by representatives of the two unions and threatened that unless contracts for exclusive employee representation were signed, picketing to compel plaintiff employer to sign would follow. In this connection it should be pointed out that the two unions are not contesting with each other — one the American Guild of Variety Artists (called AGVA) claims jurisdiction over the performers, the other Local 447 of the Brotherhood of Teamsters seeks to organize the laborers in the plaintiff’s employ. Both admit interviewing the plaintiff, though not plaintiff’s version of the interview.
AGVA contends that a majority of the performers are presently enrolled in its membership; that, such being the case, it has a right to demand that plaintiff bargain with it; and upon a refusal it can legitimately picket plaintiff’s performances. Granting the premise this is indisputable but plaintiff denies the premise. In the face of that denial AGVA has asked the State Labor Relations Board to certify as to its membership, and that if it be found that its claim of a majority representation is found to be in error it claims the right to picket to induce the performers to join its ranks. The latter is also a legitimate purpose of picketing (Wood v. O’Grady, 307 N. Y. 532). The situation as regards AGVA reveals a labor dispute so pursuant to section 876-a of the Civil Practice Act, no injunction can issue in advance of a hearing.
As regards Local 447 the union does not claim that it presently represents any of the employees. It denies that its interviews with plaintiff are of the effect claimed. Specifically it denies any request for a contract. In fact the denials are so sweeping that they challenge belief. It is hard to see why an interview was sought at all. Nevertheless the affidavits do insist that the sole purpose of the picket line is to induce the employees to join the union.
The resulting conflict is typical of the unfortunate situation resulting from the nice distinction set out in Wood v. O’Grady (supra). Picketing to induce an employer to sign a contract which will compel his employees to join a union is an enjoinable wrong but picketing to induce these employees to join the union is a legitimate practice immune from interference. There can be no quarrel with either of these distinctly logical and socially advanced conclusions. Except for the fact that the practical *183 inability to determine in any given instance which situation prevails destroys the distinction. The question is one of intent and an unequivocal averment of the proper motive raises an issue sufficient to defeat a temporary injunction. So as to this defendant also the injunction is denied.
The order hereon may contain a provision for immediate trial.