Isadore Bookstein, J.
The order to show cause granted by me on May 28, 1956 containing a temporary stay, was made returnable at Special Term in Ulster County on June 1, 1956.
At the request of the attorney for defendants, I set down for hearing at my chambers in Albany, on Monday, May 28, 1956 at 12 o ’clock noon, a motion to vacate the temporary stay. At that time the parties stipulated that order to show cause be considered returnable before me at the same time and that it should be heard and disposed of by me rather than be heard at Kingston on June 1, 1956.
If the acts here sought to be enjoined constitute unfair labor practices under section 8 of the National Labor Relations- Act (U. S. Code, tit. 29, § 158) the State courts have no jurisdiction, since interstate commerce is involved. (Garner v. Teamsters Union, 346 U. S. 485.) Here there is no strike but merely picketing for an alleged illegal purpose. That conduct is not defined as an unfair labor practice in section 8 of the National Labor Relations Act. Hence, the State courts are not pre-empted and have jurisdiction. (Goodwins, Inc., v. Hagedorn, 303 N. Y. 300.)
If the peaceful picketing in this case is for organizational purposes, as defendants assert, it constitutes a “ labor dispute ” under section 876-a of the Civil Practice Act and cannot be restrained. (Wood v. O’Grady, 307 N. Y. 532.)
*417 If the picketing in this case is for the purpose of exerting pressure, economic or otherwise, on the plaintiff to compel it to recognize the defendant union, as the bargaining agent of plaintiff’s employees, then it has the tortious objective of coercing the plaintiff as an employer, to commit an unlawful act — that of interfering with the right of its employees to choose their own bargaining representatives. In that situation, the picketing, although peaceful, is injuring the employer’s business without legal justification and hence would entitle the employer to injunctive relief. (Goodwins, Inc., v. Hagedorn, supra.)
The papers in this case make it abundantly clear that the picketing, in the guise of organizational picketing, is in fact recognitional picketing. Its actual purpose is not the organization of employees but rather to coerce the employer to recognize the defendant union as bargaining agent for plaintiff’s employees, without a voice or a vote by such employees in the selection of their bargaining agent. The real purpose of the picketing is clear from the attempts of the defendant union to have plaintiff sign a contract with it as bargaining agent; the threats of a picket line if the plaintiff refused to do so; and the prompt placing of a picket line at the premises where plaintiff was already open for business; and the placing of pickets at buildings on the Thruway not yet completed or open for business. Certainly, the placing of pickets at such buildings could by no stretch of the imagination be regarded as organizational picketing. True, the pickets at such buildings were withdrawn after a complaint was filed by plaintiff with the National Labor Relations Board that the picketing at such buildings constituted a secondary boycott. However, such withdrawal, under such circumstances, does not alter the ultimate fact, to wit, that the placing of such pickets at such unfinished buildings clearly demonstrated that the purpose of the defendant union was recognitional picketing rather than organizational picketing. At such buildings there were no employees to picket for organizational purposes. Hence, picketing there could have no purpose other than coercion of the plaintiff to recognize the defendant union as bargaining agent. Those picket lines were set up simultaneously with the picket lines still in existence at the buildings where plaintiff is open for business. All the picket lines had a common purpose when originally installed. Its true purpose was thus apparent. That purpose could be nothing but recognition. The withdrawal of the pickets from the unoccupied and uncompleted buildings and the retention of pickets at the places open for business, do not transform the *418 original purpose of recognition to one of organization. To permit the original unlawful purpose to be carried out by-continuing a part of the original picket lines, in the guise of organizational picketing, would constitute obeisance to ostensible form and total disregard of reality.
Plaintiff is entitled to the relief sought.
Motion to vacate temporary stay denied.
Motion for temporary injunction granted.
Submit order.