L. Barron Hill, J.
Plaintiff seeks a temporary injunction in this action restraining the defendant union from picketing. Plaintiff owns and operates one or more funeral parlors.
The union picketed one of plaintiff’s funeral parlors daily from June 24, 1957 to about September 1, 1957. Since September 1, 1957 the picketing occurs only when a funeral is in progress.
The picketing is orderly and consists of two pickets whose placards read: “EMBALMING PERFORMED AT THIS CHAPEL IS DONE BY NON-UNION LABOR”, “THIS CHAPEL DOES NOT NOT EMPLOY UNION EMBALMERS ”, “MY JOB IS TO ELEVATE THE EMBALMER ”.
Plaintiff contends that this picketing, occurring as it does only during the course of a funeral is offensive to the mourners, is a violation of section 2220 of the Penal Law, and is a form of economic compulsion to coerce him into signing a contract recognizing defendant as the bargaining agent for plaintiff’s employees.
Heretofore defendant filed an unfair labor practice charge against plaintiff before the State Labor Relations Board in answer to plaintiff’s petition to said board for a determination as to whether defendant represented plaintiff’s employees. On August 12, 1957 the State Labor Board dismissed defendant’s charge against plaintiff upon defendant’s concession on the record that it did not represent a majority of plaintiff’s two employees.
Defendant, of course, is entitled to engage in organizational picketing (Wood v. O’Grady, 307 N. Y. 532). It may not picket to force plaintiff by means of economic compulsion to recognize defendant union as bargaining agent for plaintiff’s employees without a voice or a vote by such employees in the selection of their bargaining agent (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300; Hot Shoppes v. Ferrara, 2 Misc 2d 415, 417).
On the record before me, I am convinced that the type of picketing presently engaged in by defendant falls within the *973 ban of Goodwins, Inc. v. Hagedorn (supra). The signs carried by the pickets are directed at the employer and not the employees; picketing occurs only during a funeral and is bound to be distasteful to those in attendance. This undoubtedly will affect plaintiff’s business relations with the public.
I hold, therefore, that a labor dispute does not presently exist and that a temporary injunction shall issue restraining defendant from the current type of picketing. Nothing in the order to be settled herein, however, shall restrain defendant from engaging in organizational picketing.