Nicholas M. Pette, J.
Plaintiffs move for a temporary injunction pendente lite, in an action for a permanent injunction and for damages. Defendants by a cross motion seek the dismissal of the complaint.
The complaint alleges in substance, inter alia, that:
(a) defendants have agreed and combined to injure and destroy plaintiffs’ good will, trade, business and property;
*848 (b) have and are falsely stating that plaintiffs are unfair to labor and that their employees are on strike, in furtherance of said conspiracy;
(c) defendants have and are attempting to induce, persuade and intimidate persons, firms and corporations, to fail to and to refuse to make deliveries of merchandise to plaintiffs and not to deal or transact business with plaintiffs;
(d) they have interfered with plaintiffs, their respective officers and employees, in the conduct of plaintiffs’ business;
(e) they have molested, coerced and spoken to plaintiffs’ customers and attempted to prevent said customers from doing business with plaintiffs, by picketing in front of and in the immediate vicinity of plaintiffs’ premises, shouting at the plaintiffs’ customers, using violence and disorderly conduct, necessitating the intervention of the police, and resulting in the arrest of one violent picket employed by the defendants;
(f) they have and are creating a false impression that a labor disputé exists between plaintiffs and their employees or between plaintiffs and defendants;
(g) they place plaintiffs’ names on placards carried by pickets falsely maligning plaintiffs’ products, and verbally and in writing and print, boycotting and requesting others to boycott plaintiffs and their merchandise;
(h) defendants have and are engaging in unlawful labor practices in unlawfully attempting to coerce plaintiffs by unlawfully picketing and misrepresenting that a labor dispute exists, and in a disorderly and unlawful manner calculated to intimidate plaintiffs to recognize the defendants as the collective bargaining agent of the plaintiffs’ employees and to sign a contract with the defendant union against the wishes of the majority of the plaintiffs’ employees;
(i) the unlawful, coercive acts of defendants have caused and are continuing to cause irreparable damage to plaintiffs ’ business and good will, and that defendants are violating the New York State Labor Law by their aforesaid acts; and
(j) that plaintiffs have no adequate remedy at law.
The defendants have submitted no answer to the complaint, but have submitted opposing affidavits to plaintiffs’ motion for a temporary injunction, and by cross motion predicated upon the summons and complaint, seek an order dismissing the complaint on the ground that plaintiffs have failed to comply with the provisions of section 876-a of the Civil Practice Act.
The court is of the opinion that there is no labor dispute involved in this action within the purview of section 876-a of the Civil Practice Act, and that the complaint is sufficient.
*849 The court is also of the opinion, from all the papers submitted on this motion, that the defendants under the guise of an organizational operation have resorted to disorderly and unlawful picketing to coerce plaintiffs to enter into a contract with the defendant union recognizing said union as the collective bargaining agent of the plaintiffs some 113 employees, of whom only a very small minority are members of the defendant union, and that the majority of plaintiffs’ employees have refused to join said union and have requested plaintiffs not to enter into any contract with said union.
The courts of this State may enjoin picketing by a union to coerce the plaintiff employer to recognize it as the sole collective bargaining agent and to enter into a contract with it over the protests of the majority of the employers’ employees, none of whom belong to any union and who have urged the employer not to enter into such contract.
Organization picketing directed at employees of a plant peaceful and truthful in nature is not illegal per se. However, if such picketing is directed to coerce the employer into signing a contract with the union, as appears in the case at bar, that is an illegal labor objective, which may be enjoined. The determining factor is whether such organizational picketing is being lawfully conducted in the furtherance of union interests in a statutory labor dispute. (Cf. Wood v. O’Grady, 307 N. Y. 532.)
The court is satisfied that the defendants’ pickets did engage in acts of violence and other disorderly and unlawful conduct. Irrespective of whether a labor dispute or not is involved, all picketing may be enjoined upon proof that labor unions have engaged in acts of violence and unlawful conduct. (Hearn Dept. Stores v. Livingston, 282 App. Div. 480.)
Picketing which is in fact coercive and oppressive and causes actual harm and damage, and has been conducted and pursued with disorder, breach of the peace and for an unlawful labor objective, as appears in the case at bar, must be enjoined. (Cf. Meltex Inc. v. Livingston, 208 Mise. 1033, 1042.) The court will grant an injunction where it appears that acts have been committed that have been destructive of plaintiffs ’ rights and caused material and irreparable injury. (People v. Canal Bd., 55 N. Y. 390; McGillicuddy v. Monaghan, 280 App. Div. 144; De Raay v. De Raay, 255 App. Div. 544, affd. 280 N. Y. 822.)
Equity “ interferes in the transactions of men by preventive measures only when irreparable injury is threatened, and the *850 law does not afford an adequate remedy for the contemplated wrong,” (Thomas v. Musical Mut. Protective Union, 121 N. Y. 45, 52; Kane v. Walsh, 295 N. Y. 198.)
There is no dispute here between employer and employees having any relation to employment or any connection with the terms or conditions thereof. There is no bona fide labor dispute, where the defendants picket plaintiffs’ places of business merely because the plaintiffs will not bargain with defendant union of which none of the majority of plaintiffs’ employees are members and where such majority of plaintiffs’ employees have requested plaintiffs not to sign any contract with said union. (Lake Val. Farm Prods. v. Milk Wagon Drivers’ Union, 108 F. 2d 436; Opera On Tour, Inc., v. Weber, 285 N. Y. 348, 359; Manhattan News Co., Inc., v. New York Newsboys Union, 194 Misc. 7; Ringling Bros. v. Lewis, 2 Misc 2d 180; Hot Shoppes v. Ferrara, 2 Misc 2d 415.) Picketing with signs falsely implying that plaintiffs are unfair to organized labor is enjoinable. (James Knitting Mills v. John Doe, 154 N. Y. S. 2d 490; Goldfinger v. Feintuch, 276 N. Y. 281.) Section 876-a of the Civil Practice Act is inapplicable where an unlawful objective is sought. (Mayer v. Fernandez, 286 App. Div. 806; Sierad Co. v. Greene, 153 N. Y. S. 2d 160; Baillis v. Fuchs, 283 N. Y. 133; Hearn Dept. Stores v. Livingston, 282 App. Div. 480, supra; Meltex, Inc., v. Livingston, 208 Misc. 1033, supra.)
Defendants’ contention that it is not answerable for the acts of the individual pickets is specious and without merit.
I find upon the evidence before me that there is no true labor dispute involved in this case, and that the defendants ’ picketing is unlawful and causing irreparable injury to the plaintiffs. I am therefore constrained to grant plaintiffs’ motion for an injunction pendente lite.
Defendants’ cross motion to dismiss the complaint is denied, and the plaintiffs’ motion for an injunction pendente lite is granted upon condition that plaintiffs file a bond in the sum of $1,000. An early trial of this action should be had, and subject to the approval of the Justice presiding at Special Term, Part 3, the Clerk of Special Term, Part 3, is directed to set this case down for trial on the Day Calendar for December 15,1958. The plaintiffs are directed to serve a copy of this order upon the Clerk of Special Term, Part 3, and to pay the fee for the note of issue for trial.
Submit order in accordance herewith.