■ MARTIN S. DORFMAN et al., Copartners Doing Business as CAPITAL CITY CONTAINER COMPANY, Appellants, v. PAUL J. HAYES et al., Respondents. — REYNOLDS, J. Appeal from an order of the Supreme Court, Albany County, denying appellants' motion for a temporary injunction after a hearing. Special Term, after a hearing, denied appellants' motion to enjoin the respondents from using unlawful means to prevent other employees from entering the appellants' plant, interfering with anyone's free ingress and egress, and mass picketing, but limited the pickets at each entrance to four, which restriction respondents do not dispute. While arguably the record might not be found to support Special Term's determination that a labor dispute was not involved and thus that appellants were not required to meet the burden of section 807 of the Labor Law or that appellants failed to sustain the burden of establishing their good faith in attempting to settle the dispute involved, the record amply

supports Special Term's factual determination that there is present at this juncture no sufficient threat of violence or unlawfulness so as to warrant the issuance of an injunction (*Florsheim Shoe Store Co.* v. *Shoe Salesman's Union,* 288 N. Y. 188; *Hearn Dept. Stores* v. *Livingston,* 282 App. Div. 480, 483). Accordingly, we cannot say that Special Term's denial of the injunction was an improvident exercise of discretion and therefore the order appealed from must be affirmed. Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.