ANGELO J. IMMORLICA, Respondent, v. MACK-INTERNATIONAL MOTOR TRUCK CORPORATION, Appellant.— Action for damages for personal injuries. Plaintiff, while under a fire truck as a consequence of the direction of defendant's employee, had his clothing caught in the driveshaft and suffered personal injuries. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of JOHN P. BOLAND and Others, Members of and Constituting the NEW YORK STATE LABOR RELATIONS BOARD, Petitioners, Appellants, against JOHN PARISI, Doing Business under the Trade Name and Style of LINDEN GRILL, Respondent. In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, on the Relation of NEW YORK STATE LABOR RELATIONS BOARD and JOHN P. BOLAND and Others, as Members of the NEW YORK STATE LABOR RELATIONS BOARD, Relators, Appellants, SILVIO CLAUSER and Others, Relators, against JOHN PARISI, Doing Business under the Trade Name and Style of LINDEN GRILL, Respondent.— Order, made on reargument, denying the application of the New York State Labor Relations Board to punish the respondent for disobedience of an order of the court, reversed on the law, with ten dollars costs and disbursements, the motion granted, and the matter remitted to the Special Term to fix the punishment. Appeal from original order dismissed. Section 753-a of the Judiciary Law is not applicable to this proceeding, which is to punish respondent for disobedience of an order of the court enforcing the order of the State Labor Relations Board. The court directs attention to the fact that it does not approve the form of the court order, which merely commands the respondent to perform or refrain from the acts described in the Labor Board's order. Such a court order should upon its face contain sufficient to apprise the party of what is ordered, without the necessity of referring to the Board's order. In this instance, however, respondent has had ample notice of what has been required of him, and even if the order were defective it is entitled to implicit obedience. (*People ex rel. Cauffman* v. *Van Buren*, 136 N. Y. 252.) An order of commitment, however, must be sufficient on its face. Although he has been in default at all previous stages of the proceedings herein, respondent appeared on the argument in this court without counsel and stated that he no longer is engaged in business. This circumstance, if it be true, might well be considered in connection with the matter of fixing punishment. In any event we are of the opinion that the respondent should have communicated with the Board in writing as required by the orders. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.