In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Appellant, against WAGS TRANSPORTATION SYSTEM, INC., Respondent.

*Per Curiam.* It is not sufficiently clear that the National Labor Relations Board, in the light of its decisions relating to taxicab companies, would have

declined jurisdiction in the state of facts disclosed in this case, especially in view of the special terminal contract by which respondent secured exclusive rights in the two great interstate railroad terminals in New York City. There being no clear showing that the National board would not have assumed jurisdiction and also in the absence of a cession agreement under subdivision (a) of section 10 of the Taft-Hartley Act (U. S. Code, tit. 29, § 160, subd. [a]), the appellant could not assert jurisdiction.

The order appealed from should be affirmed, with costs to the respondent.

CALLAHAN, J. (dissenting). I dissent, and vote to reverse the order appealed from and grant the motion for the enforcement order sought by the State board.

Although the National board has altered its views from time to time as to whether to assume jurisdiction in respect to taxicab companies situated similarly to respondent, its latest two decisions indicate with reasonable clarity that the board intends that under the circumstances of the present case it will decline jurisdiction on the ground that the impact on commerce is so trivial as to warrant leaving disputes like the present to local or State control (*Matter of Cambridge Taxi Co.*, 101 N. L. R. B. 1328, Dec. 1952; *Matter of Checker Taxi Co.*, 107 N. L. R. B. No. 181, Jan. 1954).

This case does not present a situation involving any inconsistency between the New York State act and the Federal labor relations policy. Subdivision (a) of section 10 of the Taft-Hartley Act (U. S. Code, tit. 29, § 160, subd. [a]) would not prevent a consent by the National board to the assumption of jurisdiction locally. Therefore, there is no reason to assume that there was or would be no consent here.

Nor do I see any possibility of "mischievous conflict" if the local board assumes jurisdiction (see *Bethlehem Co.* v. *State Bd.*, 330 U. S. 767, and *La Crosse Tel. Corp.* v. *Wisconsin Employment Relations Bd.*, 336 U. S. 18).

It would seem preferable, under these circumstances, to have action at a local level rather than a "no man's land", in which neither Federal nor local boards could or would act.

Peck, P. J., Dore, Cohn and Bastow, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents and votes to reverse in opinion.

Order affirmed, with $20 costs and disbursements to the respondent. [See *post*, p. 1036.]