In the Matter of New York State Labor Relations Board, Petitioner, against Marlene Transportation Co., Inc., et al., Respondents.

Supreme Court, Special Term, Bronx County, March 29, 1955.

678

*Philip Feldblum* for petitioner.

*Henry G. Friedlander* for respondents.

FRANK, J. Petitioner moves for the enforcement of its order of May 14, 1954, directing respondents to offer reinstatement to one Matthew Young, a taxicab driver, and to pay him the sum of $292.50 representing his net loss of earnings.

Respondents own, manage and operate a small fleet of taxicabs in New York City. They urge denial of the application for two reasons: (1) that petitioner has no jurisdiction of the proceedings because respondents' taxicab business directly affects interstate commerce and therefore sole jurisdiction rests with the National Labor Relations Board; (2) that the evidence in the record is insufficient to support the New York State Labor Relations Board's findings and conclusions that respondents were guilty of unfair labor practices.

Respondents' answer in substance recites that they carry a large number of interstate and foreign travelers between piers, terminals and other transportation points in New York City, used in interstate commerce. They concede that they offered no evidence at the hearings to support the present claim that their business involves substantial interstate operations. They contend, however, that the National Labor Relations Board has exclusive jurisdiction of labor disputes involving taxicab operators by virtue of the decision in *Matter of New York State Labor Relations Bd.* v. *Wags Transp. System* (130 N. Y. S. 2d 731, affd. 284 App. Div. 883). That case differs considerably from the factual situation here presented. The proof in the cited case upon which respondents rely established that by virtue of special contracts with bus, train and plane terminals, Wags Inc. was very substantially engaged in the interstate transportation of passengers. There a serious question arose, also, as to whether the National Labor Relations Board could decline jurisdiction since at that time there was a conflict in its policy as to whether it would or would not accept jurisdiction in labor matters affecting taxicab operations. It was held that the State board had no jurisdiction especially in the absence of proof that the National board would have declined to assume jurisdiction at the time the Wags proceeding was instituted. (See 284 App. Div. 883.)

The factual situation makes the ruling in the *Wags* case inapplicable here, for the National board has enunciated the policy that it would not take jurisdiction with respect to taxicab operations except where the employer is the sole taxicab operator in the area serving the instrumentalities of commerce, or the employer derives a substantial part of its revenues from the transportation of passengers to and from terminals of those companies engaged in interstate commerce (*Cambridge Taxi Co.*, 101 N. L. R. B. 1328, Dec., 1952).

The respondents operate a very small fleet of taxicabs. Aside from the conclusory allegations in the answer, they offer no

evidentiary facts to establish that a substantial portion of their revenues is derived from transporting passengers to and from terminals to complete interstate transportation. In the absence of such proof, it necessarily follows from the insignificant number of taxicabs involved, that respondents' operations are purely local in character (see *Matter of Labor Relations Bd.* v. *Charman Service Corp.*, 201 Misc. 291, affd. 281 App. Div. 860) and have no significant effect on interstate commerce (*United States* v. *Yellow Cab Co.*, 332 U. S. 218, 233).

Additionally it must be held that the respondents' failure to raise the issue of jurisdiction before the State board precludes them from asserting it after the termination of the hearings and the issuance of the State board's order. No adequate reason is advanced for respondents' neglect to introduce evidence of its interstate operations at the hearings and no proof proferred to establish that the taxicab operations have any relationship to interstate commerce. Under the circumstances respondents' assertion that the State board lacks jurisdiction comes too late and cannot justify a review of the order in the absence of timely objection to jurisdiction at the hearings (see Labor Law, § 707, subd. 2; cf. *Matter of Holland* v. *Edwards*, 307 N. Y. 38, 45).

The finding of unfair labor practices made by the State board is amply supported by substantial evidence and is conclusive upon this court (*Matter of Stork Restaurant* v. *Boland*, 282 N. Y. 256, 267; *Republic Aviation Corp.* v. *Board*, 324 U. S. 793). There was adequate proof that the employee was unable, despite bona fide efforts, to obtain employment, and thereby suffered loss of wages to the extent found by the State board. Nor does the fact that the employee devoted part of his time to union activities justify a contrary finding. The board excluded the period from February 25, 1953, to March 9, 1953, from its computations, because of the employee's failure to seek employment during that time.

Petition granted. Settle order on notice.