■ Gus Bottalico, Respondent, v. City of New York, Appellant.— Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event, upon the ground that the verdict is against the weight of the credible evidence. Concur — Peck, P. J., Rabin, Cox, Frank and Valente, JJ.

■ Richard S. Silver, Respondent, v. Edward M. Silver, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Rabin, Cox, Frank and Valente, JJ.

■ John Petrochko, Appellant-Respondent, v. Manston Construction Corp., Appellant, et al., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Rabin, Cox, Frank and Valente, JJ.

■ In the Matter of New York State Labor Relations Board, Respondent, against Marlene Transportation Co., Inc., et al., Appellants.— Order unanimously affirmed, with $50 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Rabin and Cox, JJ. [207 Misc. 677.]

■ Clarence Taylor, Appellant, v. Boston and Albany Railroad Company, Respondent.— Determination unanimously affirmed, with costs to the respondent. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Frank, JJ.

■ Best Window Company, Respondent, v. Better Business Bureau of New York City, Inc., et al., Appellants.— Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted. The second cause of action fails to state the essential facts to constitute a cause of action for malicious interference with business relations. The complaint is deficient both in respect to the alleged rights and wrongful interference. The business relations are alluded to but not sufficiently specified and the means or manner of the alleged tortious interferences are not stated. Concur — Peck, P. J., Breitel, Rabin, Cox and Frank, JJ.

■ Robert Des Marais, Appellant, v. William M. Thomas, Respondent. — Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Frank, JJ.

■ Timothy Fitzgerald, as Administrator of the Estate of James Fitzgerald, Deceased, Respondent, v. Peter A. McCormack, Appellant.— Resettled judgment insofar as it relates to the first cause of action, unanimously affirmed, with costs; insofar as it awards recovery on the second cause of action, the resettled judgment is unanimously reversed on the ground of excessiveness and a new trial of the second cause of action ordered, with costs with respect to that cause of action to abide the event, unless the plaintiff stipulates to reduce the verdict on said second cause of action to $1,500 in which event the resettled judgment, as so modified, is affirmed, without costs. Settle order on notice. Concur — Peck, P. J., Rabin, Cox, Frank and Valente, JJ.