Herbert D. Hamm, J.
I reverse my previous opinion.
On the cross motion to remand to the petitioning New York State Labor Relations Board for further determination the respondent submitted an affidavit containing facts showing that he was engaged in interstate commerce. This affidavit was not contradicted by the petitioner. If the facts contained in the affidavit are true, the petitioner originally had no jurisdiction. The acts with which the respondent was charged and which the board found to have occurred were clearly unfair labor practices under the National act.
By the terms of the National act it is a condition to the State board’s jurisdiction that there be a cession of such jurisdiction to the State board by the National board (Guss v. Utah Labor Bd. 353 U. S. 1; Meat Cutters v. Fairlawn Meats, 353 U. S. 20; San Diego Unions v. Garmon, 353 U. S. 26).
Subdivision 2 of section 707 of the Labor Law (New York State Labor Relations Act, art. 20 as added by L. 1937, ch. 443) provides: “No objection that has not been urged before the board, its member, agent or agency, shall be considered by the *537 court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. # * * If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the board, its member, agent, or agency, the court may order such additional evidence to be taken before the board, its member, agent, or agency, and to be made a part of the transcript.”
Even assuming that a respondent by failing to raise the issue of lack of jurisdiction consents to jurisdiction there is serious doubt that such consent may confer jurisdiction and that an order made without jurisdiction may become valid because of absence of timely objection.
Matter of New York State Labor Relations Bd. v. Marlene Transp. Co. (207 Misc. 677) is not conclusive. The court stated (p. 679-680):
“ The respondents operate a very small fleet of taxicabs. Aside from the conclusory allegations in the answer, they offer no evidentiary facts to establish that a substantial portion of their revenues is derived from transporting passengers to and from terminals to complete interstate transportation. In the absence of such proof, it necessarily follows from the insignificant number of taxicabs involved, that respondents’ operations are purely local in character (see Matter of Labor Relations Bd. v. Charman Service Corp., 201 Misc. 291, affd. 281 App. Div. 860) and have no significant effect on interstate commerce (United States v. Yellow Cab Co., 332 U. S. 218, 233).
“Additionally it must be held that the respondents’ failure to raise the issue of jurisdiction before the State board precludes them from asserting it after the termination of the hearings and the issuance of the State board’s order. No adequate reason is advanced for respondents’ neglect to introduce evidence of its interstate operations at the hearings and no proof proffered to establish that the taxicab operations have any relationship to interstate commerce. Under the circumstances respondents’ assertion that the State board lacks jurisdiction comes too late and cannot justify a review of the order in the absence of timely objection to jurisdiction at the hearings (see Labor Law, § 707, subd. 2; cf. Matter of Holland v. Edwards, 307 N. Y. 38, 45).”
The Appellate Division affirmed without opinion (1 A D 2d 1002) as stated in my prior memorandum. But, as the affirmance might have been on the ground of failure of evidentiary *538 facts at Special Term to establish the interstate nature of the appellants’ operations, the Appellate Division affirmance may not be regarded as an authority that jurisdiction of the subject matter may be waived.
Wisconsin Employment Relations Bd. v. Gilson Bros. (338 U. S. 891) also mentioned in the previous memorandum, was merely a refusal to review; the issues were not passed on. Moreover, the denial of certiorari was prior to the labor cases beginning with Garner v. Teamsters Union (346 U. S. 485). As to exclusiveness of Federal jurisdiction there have been progressively changes in the law since the principle enunciated by Justice Hughes in United States v. Bank of New York Co. (296 U. S. 463, 479).
But, regardless of the doubt as to jurisdiction heretofore expressed, I think there are exceptional circumstances requiring remand to the board for further evidence. On the argument of this motion there were discussed only the accuracy of the record before the petitioner and the making whole of two discharged employees by an aggregate payment of $589. The petitioner has submitted a proposed order which, in addition to making whole the discharged employees, contains the following prospective decretal clauses: (This order does, in fact, follow the adjudication of the board.)
“ 1. Cease and desist from:
“ (a) Requiring his employees, as a condition of employment, to refrain from forming, joining or assisting Hudson Valley District Council of Carpenters, A. F. of L., or any other labor organization of his employees’ own choosing;
“ (b) Discouraging membership in Hudson Valley District Council of Carpenters, A. F. of L., or any other labor organization of his employees’ own choosing, by discriminating in regard to hire and tenure or any other terms and conditions of employment;
“ 2. Take the following affirmative action: * * *
“ (b) Post immediately, in plain sight, and leave posted for a period of thirty (30) consecutive days from the date of post-' ing, in a conspicuous place at Respondent’s premises on Route 17, Monticello, Sullivan County, State of New York, where his employees customarily congregate, or where Labor Department notices are usually posted, a copy of the order of the New York State Labor Relations Board, dated January 25, 1956. In its entirety together with a notice to his employees in the form annexed thereto and marked ‘ Schedule A
By this order the respondent is subjected to State jurisdiction in perpetuity. It is doubtful that consent to such an order *539 reasonably may be implied. Moreover, the standard of conduct of this employer under the National act is materially different from that provided by the State act. An illustration may suffice. The provisions of paragraph 1 (a) would be inappropriate under the National act unless the Hudson Valley District Council and the American Federation of Labor had complied with that act by filing the required non-Communist affidavits and organizational financial statements (U. S. Code, tit. 29, § 159). By the provisions of paragraph 2 (b) the employees are advised that the employer permanently will observe a certain standard of conduct regardless of whether such conduct will be in accord with the National act.
These are exceptional circumstances and I think there were reasonable grounds for failure to adduce evidence to defeat an order of the scope of the order here submitted.
Additional evidence may be taken.
Submit order in accordance herewith on two days ’ notice.