Samuel W. Eager, J.
By this habeas corpus proceeding there is questioned the validity of the commitment and detention in the Westchester County jail of Matthew Hermanspan and John Hermanspan (hereinafter referred to as relators). They were committed and are held pursuant to an order of this court, rendered May 20, 1958, adjudging them guilty of civil and criminal contempt in their failure to comply with an order of the Appellate Division of this court rendered April 25, 1955, for the enforcement of an order of the New York State Labor Relations Board. The relators herein contend that this court was without jurisdiction to render the order of May 20, 1958, adjudging them in contempt and fining and committing them therefor.
It is true that the court in this habeas corpus proceeding may and should inquire into the jurisdiction and authority of the court to issue the order of commitment. (See Civ. Prac. Act, § 1252, subd. 3, § 1253, subd. 1.) It clearly appears, however, that relators’ contentions to support the claim of lack of jurisdiction are without merit. First, there is the claim that the relators were and are engaged in interstate commerce and *1058 that, therefore, under the doctrine of Federal pre-emption, the State Labor Relations Board and this court lacked jurisdiction to proceed against them with respect to matters involving labor relations. The burden, of course, was upon the relators to come forward with evidence showing lack of power in this court to render the order of commitment (see 21 Carmody-Wait, New York Practice, § 60, p. 83) and, in this connection, it is to be noted that there is no proper factual showing of interstate commerce operations on the part of the relators as of the .time of the alleged unfair labor practices in 1952 resulting in the order of the State Labor Relations Board. In any event, it appears that the relators did not raise the issue of jurisdiction before the State board and such failure precludes them from now asserting it. (See Labor Law, § 707, subd. 2; Matter of Labor Relations Bd. v. Marlene Transp. Co., 207 Misc. 677, affd. 1 A D 2d 1002.) Furthermore, the relators appeared upon and opposed on the merits the application to this court to enforce the order of the State Labor Relations Board and they also appeared in this court in opposition to the motion to punish them for contempt. They did not raise the question of jurisdiction in opposition to such last-mentioned motion, and they did not appeal from the order thereon. They must be deemed to have fully submitted to the jurisdiction of this court.
The contention that the order of May 20, 1958, adjudging and committing the relators for contempt is invalid because they were not afforded a jury trial is likewise without merit. It is specifically held that section 753-a of the Judiciary Law is not applicable to a proceeding to punish a respondent for disobedience of an order- of the court enforcing the order of the State Labor Relations Board. (Matter of Boland v. Parisi, 259 App. Div. 847.)
The relators are held pursuant to the lawful mandate of a court of competent jurisdiction, and, therefore, this proceeding is dismissed.
Settle order on notice.
(Motion for Reargument.)
Motion for reargument is granted to the extent that reargument is allowed, and the court has reconsidered the matter in view of the decisions of the Appellate Division, Third Department, handed down July 31, 1958, in Matter of New York State Labor Relations Bd. v. Budoff (6 A D 2d 970) and Matter of Saratoga Harness Racing Assn. v. New York State Labor Relations Bd. (6 A D 2d 329). Said decisions are, of course, readily distinguishable in that they were rendered in proceedings under *1059 section 707 of the Labor Law, and had to do with determinations of whether or not in the particular cases an order should be rendered for the enforcement of the order of the New York State Labor Relations Board; and the decisions merely stand for the holding that, notwithstanding there was a failure to raise before the board the claim of Federal pre-emption of jurisdiction, the court may in enforcement proceedings ‘ ‘ in the exercise of a discretion ” remit the matter to the State board for a consideration of the question of jurisdiction. The decisions were based upon the provisions of subdivision 2 of section 707 of the Labor Law to the effect that the court may in enforcement proceedings take into consideration an objection not urged before the board if it appears that the failure or neglect to urge such objection should be excused “ because of extraordinary circumstances.”
In the proceeding here, however, the court was not dealing with the question of whether or not an order should be rendered under section 707 for the enforcement of the order of the State board. The fact is that on April 25, 1955, without there being raised any question as to the jurisdiction of the State board, an order was rendered against the relators by the Appellate Division of this court for the enforcement of the State board order. Furthermore, without raising the question of jurisdiction, an order was rendered by this court on May 20, 1958, adjudging and committing the relators for contempt for failure to obey the enforcement order. Under these circumstances, the order of this court for the enforcement of the order of the State board is to be deemed final (see Labor Law, § 707, subd. 3), and the holding here that the relators here are now to be precluded from raising the question of jurisdiction of the State board is not in conflict with the aforesaid Third Department decisions.
In any event, as pointed out in this court’s memorandum of decision dismissing this habeas corpus proceeding brought on behalf of the relators, they had the burden of showing that the court lacked the jurisdiction and authority to render the order of commitment and the relators did fail to present any factual showing of interstate commerce operations in 1952 as a basis of their claim of exclusive Federal jurisdiction.
In view of the foregoing the original decision dismissing this habeas corpus proceeding is in all respects adhered to.
Submit order on notice.